## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

CASE NO.:

JOHN MEGGS,

      Plaintiff,

v.

MILWAUKEE BL, LLC and CCN
LODGING LLC,

      Defendants.

_____/

## <u>COMPLAINT</u>

Plaintiff, JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, MILWAUKEE BL, LLC and CCN LODGING LLC (hereinafter "Defendants"), and as grounds alleges:

<u>JURISDICTION, PARTIES. AND VENUE</u>

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4.      Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, who splits his time between California and Colorado, and is otherwise *sui juris*.

5.      At all times material, Defendant, MILWAUKEE BL, LLC, was and is a Limited

Liability Company organized under the laws of the state of Colorado with its principal place of business in Denver, Colorado.

6.      At all times material, Defendant, MILWAUKEE BL, LLC, owned and operated a place of public accommodation at 222 Milwaukee St, Denver, Colorado[1] (hereinafter the "Commercial Property").

7.      At all times material, Defendant, CCN LODGING LLC, was and is a Limited Liability Company organized under the laws of the state of Colorado with its principal place of business in Denver, Colorado.

8.      At all times material, Defendant, CCN LODGING LLC, owned and operated a hotel business at 222 Milwaukee St, Denver, Colorado (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "The Jacquard."

9.      Venue is properly located in the District of Colorado because Defendants' Commercial Property is located in Denver, Colorado, Defendants regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Denver, Colorado.

## FACTUAL ALLEGATIONS

10.     Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

11.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against

---

[1] The Denver property records list the property address as 3007 E 2nd Ave, Denver Colorado. However, the hotel and commercial property advertises itself as being at 222 Milwaukee St, Denver, Colorado.

people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein, including the retail shopping store.

12.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13.     Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand.   Plaintiff requires the use of a wheelchair to ambulate.

14.     Defendant, MILWAUKEE BL, LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Denver, Colorado, that is the subject of this Action. Defendant CCN LODGING LLC owns and operates the hotel business located at the Commercial Property that is the subject of this action.

15.     The subject Commercial Property is open to the public and is located in Denver, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about September 9-10, 2021 encountering multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to the Commercial Property and the business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, specifically the hotel business, if the property/business become accessible.

16.     Plaintiff visited the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property.   Plaintiff spends much of his time in and near Denver

County, Colorado, in the same state as the Commercial Property, visited the Defendant's Commercial Property and the business located within the Commercial Property for the intended purposes, and intends to return to the property within three (3) months' time of the filing of this Complaint as he regularly conduct business in Colorado and plans to rent or buy property there soon. More specifically, he plans to return in January and February 2022.

17.     The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

18.     The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.   The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

19.     Defendants, MILWAUKEE BL, LLC and CCN LODGING LLC, own/or and operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants own and operate is the Commercial Property business located at 222 Milwaukee St, Denver, Colorado.

20.     Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the restaurants and business therein, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will

continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

## COUNT I – ADA VIOLATIONS

21.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22.     Defendants MILWAUKEE BL, LLC and CCN LODGING LLC have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

23.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A.  Entrance Access and Path of Travel

5

i.    There is no compliant route from transit, sidewalk, and parking areas for John Meggs to access The Jacquard which violates the requirements in sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii.    Accessible routes at The Jacquard have changes in level creating hazardous conditions for John Meggs violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii.    Doors in The Jacquard have inadequate maneuvering clearance of (see chart) preventing use by John Meggs violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

B.  Access to Goods and Services

i.    Table-top and writing surface heights are inadequate, preventing use by John Meggs, violating 2010 ADAS.

ii.    Table knee and toe space is inadequate, preventing use by John Meggs.

iii.    Interior paths and checkout aisles at The Jacquard lack 36" minimum clear width required by the 2010 ADAS, impeding John Meggs.

C.  Restrooms

i.    Sink knee clearance prevents John Meggs from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

ii.    John Meggs is unable to reach dispenser controls which exceed limits in ADAAG and 2010 ADAS Sec. 308.

iii.    Stall door is not self-closing and/or lacks proper hardware, preventing use by John Meggs, violating 2010 ADAS Sec. 604.

iv.    Grab bars do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for John Meggs.

v.    Toilet flush valve not mounted on wide side, denying access to John Meggs, violating the ADAAG and 2010 ADAS Sec. 604.

24.    The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations.   Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of

42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     While Defendant, MILWAUKEE BL, LLC, as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

29.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30.     Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer

employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

31.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: December 8, 2021

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO   80202
Telephone:   (720) 996-3500
Facsimile:    (720) 381-0515
Primary E-Mail:    ajperez@lawgmp.com
Secondary E-Mail: aquezada@lawgmp.com
bvirues@lawgmp.com.

By: _____*/s/ Anthony J. Perez*_____
     ANTHONY J. PEREZ
     BEVERLY VIRUES